1  Douglas E. Watts, SBN 182274
   WATTS LAW OFFICES
2  1745 Creekside Dr.
   Folsom, CA 95630
3  Telephone:    (916) 337-5221
   Facsimile:    (916) 404-5031
4  dougwattsesq@yahoo.com

5  Attorneys for Plaintiff
   TANYA HUNT
6

7              **UNITED STATES DISTRICT COURT**

8             **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9 TANYA HUNT, | **Case No.** |
| 10 | **COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE** |
| 11 Plaintiff, | **RELIEF** |
| 12 | VIOLATIONS OF CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT, |
| 13 v. | GOV'T CODE §12940, *ET SEQ*; VIOLATIONS OF TITLE VII OF THE |
| 14 | CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e, *ET SEQ.*;  VIOLATIONS OF THE |
| 15 COUNTY OF EL DORADO; EL DORADO COUNTY SHERIFF'S DEPARTMENT; PHIL | UNITED STATES CONSTITUTION AND FEDERAL CIVIL RIGHTS STATUTES, 42 |
| 16 CHOVANEC; DARRIN LEWIS; KEVIN HOUSE; BOB ASHWORTH; JACKIE | U.S.C. §§1983, 1985, *ET SEQ.;* and VIOLATIONS OF THE PUBLIC SAFETY |
| 17 NOREN; and DOES 1 through 50, inclusive, | OFFICERS' PROCEDURAL BILL OF RIGHTS ACT, GOV'T CODE §3300, *ET* |
| 18 Defendants. | *SEQ.* |
| 19 | **JURY TRIAL DEMANDED** |

20
       Plaintiff complains and alleges as follows:
21

22             **PARTIES AND JURISDICTION**

23     1.    Plaintiff TANYA HUNT is, and at all relevant times hereto has been, a United States

24  citizen and a resident of the County of El Dorado, State of California.  Plaintiff HUNT is, and at

25  all relevant times hereto has been, an employee of Defendants COUNTY OF EL DORADO

26  ("COUNTY") and the EL DORADO COUNTY SHERIFF'S DEPARTMENT (the "EDSO" and,

27  collectively, "Defendants") within the meaning of the California Fair Employment and Housing

28                                  -1-

1  Act ("FEHA"). Plaintiff HUNT is a Deputy Sheriff with the EDSO, and a member in good

2  standing of the Deputy Sheriff's Association (the "DSA").

3      2.  At all times relevant to this action, Defendants COUNTY and the EDSO were

4  employers within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, and,

5  as such, they were prohibited from discriminating against Plaintiff HUNT, harassing her, and

6

7  retaliating against her in the context of her employment on the basis of her gender,

8  mental/emotional state, marital status, and her assertion of Constitutionally protected rights.

9      3.  Defendants COUNTY and the EDSO, including their respective units, departments,

10 and/or political subdivisions are, and at all times relevant to this action were, employers operating

11 as public entities within the State of California, County of El Dorado, who regularly employed

12 more than fifteen (15) persons.

13

14     4.  Defendants COUNTY and the EDSO are county municipalities located within the

15 State of California and doing business as government entities under color of state authority and

16 law.

17     5.  Defendant PHIL CHOVANEC ("CHOVANEC") is an individual whose residence is

18 located within the State of California. CHOVANEC is a supervisor and/or managerial employee

19 of the EDSO who holds the rank of Sergeant. For purposes of the cause of action under the Civil

20

21 Rights Act, CHOVANEC is being sued in his individual capacity acting under color of law.

22     6.  At all times relevant to this action, CHOVANEC was a supervisor, manager, and/or

23 managing agent of the EDSO, and as such, he was prohibited from discriminating against,

24 harassing, and retaliating against employees on the basis of, *inter alia,* gender, mental/emotional

25 state, marital status, and/or making complaints regarding violations of Title VII and FEHA.

26     7.  Defendant DARRIN LEWIS ("LEWIS") is an individual whose residence is located

27 within the State of California. LEWIS is a supervisor and/or managerial employee of the EDSO

28                                                          -2-

who holds the rank of Lieutenant. For purposes of the cause of action under the Civil Rights Act, LEWIS is being sued in his individual capacity acting under color of law.

8.  At all times relevant to this action, LEWIS was a supervisor, manager, and/or managing agent of the EDSO, and as such, he was prohibited from discriminating against, harassing, and retaliating against employees on the basis of, *inter alia,* gender, mental/emotional state, marital status, and/or making complaints regarding violations of Title VII and FEHA.

9.  Defendant KEVIN HOUSE ("HOUSE") is an individual whose residence is located within the State of California. HOUSE is a supervisor and/or managerial employee of the EDSO who holds the rank of Lieutenant. For purposes of the cause of action under the Civil Rights Act, HOUSE is being sued in his individual capacity acting under color of law.

10.  At all times relevant to this action, HOUSE was a supervisor, manager, and/or managing agent of the EDSO, and as such, he was prohibited from discriminating against, harassing, and retaliating against employees on the basis of, *inter alia,* gender, mental/emotional state, marital status, and/or making complaints regarding violations of Title VII and FEHA.

11.  Defendant BOB ASHWORTH ("ASHWORTH") is an individual whose residence is located within the State of California. ASHWORTH is a supervisor and/or managerial employee of the EDSO who holds the rank of Lieutenant. For purposes of the cause of action under the Civil Rights Act, ASHWORTH is being sued in his individual capacity acting under color of law.

12.  At all times relevant to this action, ASHWORTH was a supervisor, manager, and/or managing agent of the EDSO, and as such, he was prohibited from discriminating against, harassing, and retaliating against employees on the basis of, *inter alia,* gender, mental/emotional state, marital status, and/or making complaints regarding violations of Title VII and FEHA.

13.  Defendant JACKIE NOREN ("NOREN") is an individual whose residence is located within the State of California. NOREN is a supervisor and/or managerial employee of the EDSO

-3-

1    who holds the rank of Sergeant.  For purposes of the cause of action under the Civil Rights Act,

2    NOREN is being sued in her individual capacity acting under color of law.

3         14.  At all times relevant to this action, NOREN was a supervisor, manager, and/or

4    managing agent of the EDSO, and as such, she was prohibited from discriminating against,

5    harassing, and retaliating against employees on the basis of, *inter alia,* gender, mental/emotional

6    state, marital status, and/or making complaints regarding violations of Title VII and FEHA.

7

8         15.  This Court has jurisdiction over the subject matter pursuant to 42 U.S.C. §§1983,

9    2000e, 28 U.S.C. §§ 1331 and 1367.

10        16.  This Court has venue over this action in that Defendants conducted their principal

11   place of business within the territorial boundaries of this judicial district.

12        17.  This Court has jurisdiction over Defendants in that they are government agencies

13   that, at all times relevant hereto, caused Plaintiff HUNT to be discriminated against, harassed,

14   retaliated against, singled out, humiliated, and targeted for unfair and/or unlawful termination

15   from employment with the EDSO in violation of Plaintiff HUNT's Constitutional rights, and

16

17   operated under color of state authority, within this judicial district.

18        18.  Plaintiff HUNT has exhausted all administrative remedies with the California

19   Department of Fair Employment and Housing ("DFEH"), as well as with the Federal Equal

20   Employment Opportunity Commission ("EEOC").  Plaintiff HUNT timely filed a complaint of

21   employment discrimination with the DFEH, and Plaintiff has filed this action within one year of

22

23   the DFEH's issuance of a right-to-sue letter.

24        19.  Plaintiff HUNT timely filed a charge of employment discrimination with the EEOC,

25   and Plaintiff has filed this action within ninety (90) days of the EEOC's issuance of a right-to-sue

26   letter.

27

28

-4-

20. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 50, and therefore sues these Defendants by fictitious names. Plaintiff will amend her Complaint to state the true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences and damages alleged herein, and that Plaintiff's damages as hereinafter set forth were proximately caused by said Defendants.

21. Plaintiff is informed and believes, and based thereon alleges that each of the Defendants herein were, at all times relevant hereto, the agents, representatives, servants and employees of the remaining Defendants, and were acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such Defendants, and each of them.

## FACTUAL BACKGROUND

22.     Plaintiff HUNT, a veteran of the United States Navy, was hired by the EDSO in or around August 2005, having spent the first three (3) years of her law enforcement career as a Deputy Sheriff in Monterey County, California. While employed with the Monterey County Sheriff, Plaintiff HUNT consistently achieved high performance evaluation scores, formed good relationships with members of the community she served, and got along well with her peers and supervising officers within the Department.

23.     When Plaintiff HUNT accepted the EDSO's offer of employment as a Deputy Sheriff, she was wholly unaware of the custom, pattern, and practice within the EDSO wherein certain highly-placed, well-connected, male supervisory officers were allowed to discriminate against, harass, retaliate against, and otherwise create a hostile, damaging work environment for female employees of the EDSO – both sworn (peace officers like Plaintiff) and non-sworn (Community Service Officers, Dispatchers, etc.) – who speak up for themselves, complain about

-5-

1   discriminatory treatment, in some cases refuse unwanted sexual overtures, and otherwise refuse to

2   play by the unofficial "rules" established by their male superiors.

3       24.     Shortly after beginning her employment with the EDSO, Plaintiff HUNT

4   discovered and, sadly, soon became accustomed to what she and certain of her female co-workers

5   (both sworn and non-sworn) refer to as the "Boys' Club" within the EDSO.  Plaintiff HUNT

6   learned that members of this unofficial "Club," including ASHWORTH, CHOVANEC, HOUSE,

7   and other male supervising officers (or, as in the case of Defendant JACKIE NOREN, a female

8   supervisor who has aligned herself with the bad actor male supervising officers), target female

9   EDSO employees they deem to be vulnerable, either because of their perceived weaknesses,

10  feminine personalities, marital or relationship status, or mental/emotional state.

11      25.     Plaintiff HUNT learned that, once these predominantly male supervising officers

12  target female EDSO employees, the females are subjected to verbal harassment, invasions of

13  privacy, treated less favorably than their male counterparts (or than the female EDSO employees

14  they deem to be playing by the "Boys Club" rules), given unusual and demeaning tasks, and

15  unfairly written up for alleged conduct which other, "favored" members (most of whom are male)

16  of the EDSO engage in routinely without incident or complaint from the supervisors.

17      26.     One of the key factors in whether the EDSO's supervising officers target female

18  EDSO employees, Plaintiff HUNT learned, was whether they were associated with a man; that is,

19  if the male supervisors knew a female employee either had a husband or steady boyfriend.  If the

20  female EDSO employees were in relationships, the "Boys Club" members tended to leave them

21  be; if they were not, the targeting behavior started.

22      27.     Plaintiff HUNT was raised around boys, served honorably in the US Navy

23  alongside predominantly male crews, and worked in the predominantly male field of law

24  enforcement for years prior to starting her job at the EDSO; thus, she tolerated the "Boys' Club"

-6-

2:10-cv-01367-JAM-CKD Document 1 Filed 06/03/10 Page 7 of 20

issues as best she could, focusing instead on her love of El Dorado County, its wonderful

citizenry, and her patrol job. In addition, Plaintiff HUNT became, by virtue of her marriage in or

around 2006, largely off-limits for the sort of targeting she witnessed by male EDSO supervisors

toward certain unattached female employees.

### Plaintiff HUNT Suffers Devastating Personal Loss:

28.    A little more than one year into her employment with the EDSO, Plaintiff HUNT

was shocked and devastated to learn in September 2006 that her mother, younger sister, and

stepfather had been murdered in the family's Southern California home.  That crime remains

unsolved.

29.    In due course following the murders, Plaintiff notified her chain of command at

the EDSO and took a bereavement leave from her job.  Following a short leave, Plaintiff HUNT

attempted to return to her full-time patrol duties only to find that her superiors in the EDSO had

no intention of helping her, making sure that she was sufficiently healed mentally and

emotionally following her shocking loss, and otherwise able and fit to resume her potentially

dangerous patrol duties.

30.    Pursuant to Section 1032.3 the EDSO Policy Manual, which Plaintiff is informed

and believes was substantially in effect during 2006, Plaintiff HUNT's supervisors had the

responsibility, after learning that Plaintiff's family members had been slain, to inquire as to her

fitness for patrol duties, make a preliminary evaluation as to whether she was indeed fit for duty

given the circumstances, and take action to assist Plaintiff in resolving her family crisis and

resuming her duties as an EDSO Deputy Sheriff.

31.    Also pursuant to Section 1032.3 of the Policy Manual, Plaintiff HUNT's

supervising officers had the responsibility and duty to make "all reasonable efforts" to provide for

Plaintiff's well-being while on duty when it appeared to them, or reasonably should have

-7-

appeared to them (if these male supervisors had been doing their duty), that Plaintiff was – as anyone would be in her situation – completely devastated, decimated, shocked, and grief-stricken at the loss of her mother and kid sister.

32.     Instead of following the department's own well-established procedures and guidelines, Plaintiff HUNT's supervisors – both within and outside of her chain of command – failed to follow Section 1032.3 of the Policy Manual, failed to inquire as to her fitness for patrol duties, failed to make a preliminary evaluation as to whether she was indeed fit for duty after her devastating loss, and failed to assist Plaintiff in resolving her family crisis so that she could resume her duties as an EDSO Deputy Sheriff.

33.     To this day, nearly four (4) years since losing her mother, stepfather, and younger sister, Plaintiff HUNT has **never** received a mental health or fitness for duty evaluation of any kind from her supervisors.

### The Deputy Melissa Meekma Tragedy:

34.     Plaintiff HUNT was employed with the EDSO when, in June 2007, EDSO Deputy Melissa Meekma and two other EDSO deputies were wounded in a gunfight with a deranged El Dorado County man, who was killed in the shootout.  Although Deputy Meekma and the two other deputies survived, Plaintiff observed that Deputy Meekma suffered great, enduring emotional pain as a result of the deadly incident.

35.     Plaintiff HUNT and numerous other EDSO employees (female and male) noticed in the immediate aftermath of the June 2007 shootout that certain male EDSO supervising officers completely mishandled the Meekma situation, ignored the devastating emotional toll the shooting took on her, her obvious need for time to heal both physically and emotionally, and the likelihood that she would need the support of her EDSO comrades if she were to move past this tragedy and resume the law enforcement career she deeply loved.

-8-

36.     Deputy Meekma ultimately committed suicide in Placerville in December 2008, having never – to Plaintiff HUNT's knowledge and observation (and the observations of numerous other EDSO employees) – recovered from the deadly June 2007 shootout and having received no meaningful support, understanding, or guidance from the predominantly male supervising officers within the EDSO.

37.     Plaintiff HUNT looked up to Deputy Meekma, both as a friend and as a peace officer. Plaintiff HUNT believed that Deputy Meekma's suicide could have been prevented if the EDSO supervisors had followed department procedures and treated Deputy Meekma appropriately, or at least treated her as well and attentively as they treat male members of the EDSO.

38.     Following Deputy Meekma's tragic passing in December 2008, Plaintiff HUNT witnessed an almost instantaneous shift in the way her superiors (particularly "Boys Club" members such as CHOVANEC, HOUSE, and ASHWORTH) treated her.

39.     Whereas before Deputy Meekma passed, Plaintiff's supervising officers gave her largely positive performance evaluations, refrained from making overly intrusive comments to Plaintiff HUNT (or about her to other EDSO employees) about her, her appearance, her relationship status, and her mental/emotional state, these predominantly male supervisors (i.e., "Boys Club" members) and their actions changed drastically after Deputy Meekma's suicide.

40.     Plaintiff HUNT learned that her supervisors now viewed her as a "problem," a vulnerable female officer whose personal life, emotional state, and physical appearance were fair game for discussion, rumor, and speculation, and whose employment was targeted for termination by way of unfounded internal affairs investigations, verbal and written disciplinary proceedings, and multiple "write-ups" for conduct far less serious than other, *favored* (i.e., male) EDSO officers engaged in without reprisal.

-9-

**Plaintiff HUNT Separates From Her Husband:**

41.     Compounding Plaintiff's troubles in the wake of the Meekma suicide was Plaintiff's legal separation from her husband in 2009.

42.     Once Plaintiff HUNT's male supervisors learned of her new, "unattached status," Plaintiff's job performance, appearance, moods, marital status, and mental/emotional state were subjected to even further, unfair, invasive scrutiny, and these "Boys Club" members (including their female ally NOREN, the *only* female patrol Sergeant in the EDSO's 150-year history) intensified their efforts to terminate Plaintiff's employment through the aforementioned unfounded IA proceedings, bogus write-ups, and a performance evaluation -- which is critical to a deputy's job stability and future job prospects -- laden with negative comments and evaluations by EDSO members who did not supervise Plaintiff HUNT and, thus, were not qualified to contribute anything to her evaluation.

43.     Defendant ASHWORTH assumed a leading role in the EDSO's unlawful, discriminatory effort to terminate Plaintiff HUNT.  ASHWORTH personally delayed completion and presentation of Plaintiff's 2009 performance evaluation, took a completed version of the evaluation back from Plaintiff's primary supervising Sergeant – who had given Plaintiff her customary proficient grades – and gave it to other EDSO supervising officers with the instruction of "digging up more dirt" on Plaintiff, and placing more false, unfounded, and damaging material into the finished evaluation.

44.     Plaintiff HUNT felt the full brunt of the "Boys Club's" unlawful, discriminatory, and harassing treatment when, in early 2010, she followed Section 329.5 of the EDSO's Policy Manual regarding internal complaints, and requested in writing to meet face-to-face with Sheriff Fred Kollar regarding an uncomfortable, damaging situation that had arisen with a male fellow

1  deputy who had begun making unwanted sexual advances to Plaintiff following her marital

2  separation.

3      45.    Defendant HOUSE, one of the principal bad actors within the EDSO's supervisory

4  structure, intercepted Plaintiff's written request and issued an unfounded denial, stating a

5  nonexistent EDSO policy as the purported basis, and leaving HUNT with, essentially, nowhere to

6  go with her urgent request.

7

8      46.    Defendants CHOVANEC and NOREN, who clearly have been part of the EDSO

9  supervising officers' unlawful attempts to terminate Plaintiff HUNT, have since the Deputy

10  Meekma suicide, Plaintiff's marital separation, and Plaintiff's thwarted attempt to meet face-to-

11  face with Sheriff Kollar, stepped up their efforts to "paper" Plaintiff's personnel file with

12  unfounded performance warnings, rejected reports turned in by Plaintiff (who, until recently, had

13  never been taken to task so frequently over such things), and unwarranted, humiliating

14  intervention-type counseling sessions with Plaintiff.

15

16      47.    Each of the named Defendants have conspired with the others to retaliate against

17  Plaintiff for exercising her Constitutional and statutory employment rights, and have acted in a

18  concerted, unlawful, discriminatory effort to terminate Plaintiff HUNT from a job she loves and

19  is well-qualified to perform.

20

21      48.    In the manner prescribed by the EDSO's Policy Manual, Plaintiff HUNT has made

22  internal complaints to the EDSO regarding the subject matter of this lawsuit in an effort to stop

23  Defendants' ongoing, unlawful discrimination and harassment.   Unfortunately, Plaintiff's

24  Constitutionally protected actions in this regard have been met only with further bogus,

25  retaliatory job performance complaints and derogatory (not to mention baseless) write-ups from

26  the likes of CHOVANEC, NOREN, and ASHWORTH.

27

28

49.     As a direct, proximate, purposeful result of Defendants' actions toward her, Plaintiff HUNT believes that she will soon be terminated from her job without just cause. Moreover, the unlawful, discriminatory, injurious actions of her predominantly male supervising officers and their bogus performance claims have rendered Plaintiff HUNT unable to obtain another law enforcement position with another department.

### FIRST CAUSE OF ACTION

(Sex Discrimination – FEHA – Defendants COUNTY and EDSO Only)

50.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51.     California Government Code Section 12940, *et seq.*, provides that it is an unlawful employment practice for an employer such as COUNTY and the EDSO to discriminate in the terms and conditions of employment on the basis of an employee's sex.

52.     The conduct of COUNTY and EDSO toward Plaintiff HUNT, as set forth above, constitutes an unlawful employment practice in violation of California Government Code §12940.

53.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff HUNT has suffered great humiliation, loss of self-respect, indignity, anxiety, panic attacks, and related physical injuries resulting directly from her persistent, debilitating emotional distress.

54.     Defendants' actions have caused and continue to cause Plaintiff HUNT grave injuries to her personal and professional reputations, loss of promotional opportunities within the EDSO as well as "lateral" employment opportunities with another law enforcement department, attorneys' fees, medical expenses, lost future earnings and employment benefits, costs of suit, humiliation, anguish, embarrassment, and anxiety, all to her damage in an amount according to proof at trial.

///

-12-

**SECOND CAUSE OF ACTION**

(Sex Discrimination Retaliation – FEHA – Defendants COUNTY and EDSO Only)

55.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56.    California Government Code Section 12940(h) makes it an unlawful employment practice for an employer such as COUNTY and the EDSO to retaliate against an employee for opposing an unlawful employment practice or filing a complaint of discrimination and harassment.

57.    COUNTY and EDSO violated California Government Code §12940(h) when – after Plaintiff opposed Defendants' unlawful employment practices – these Defendants commenced unfounded Internal Affairs investigations regarding Plaintiff HUNT, disciplined her both verbally and in writing, singled her out for derogatory and damaging "write-ups" for conduct other EDSO deputies routinely engage in without comment or penalty, and withdrew Plaintiff's all-important 2009 performance evaluation for the express purpose of "digging more dirt" against Plaintiff, and trashing her performance and professional abilities.

58.    Defendants' conduct toward Plaintiff HUNT, as described above, constitutes an unlawful employment practice in violation of Government Code §12940(h).

59.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff HUNT has suffered great humiliation, loss of self-respect, indignity, anxiety, panic attacks, and related physical injuries resulting directly from her persistent, debilitating emotional distress.

60.    Defendants' actions have caused and continue to cause Plaintiff HUNT grave injuries to her personal and professional reputations, loss of promotional opportunities within the EDSO as well as "lateral" employment opportunities with another law enforcement department, attorneys' fees, medical expenses, lost future earnings and employment benefits, costs of suit,

-13-

1   humiliation, anguish, embarrassment, and anxiety, all to her damage in an amount according to

2   proof at trial.

3   ### THIRD CAUSE OF ACTION

4   (Aiding and Abetting Unlawful Sex Discrimination – FEHA – All Defendants)

5
6   61.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 60 of this

7   Complaint as though fully set forth herein.

8   62.     California Government Code Section 12940(i) makes it an unlawful employment

9   practice for "any person to aid, abet, incite, compel, or coerce the doing of any of the acts

10  forbidden under this part, or to attempt to do so."

11  63.     The conduct of each named Defendant in this action toward Plaintiff HUNT, as set

12  forth above, constitutes an unlawful employment practice in violation of California Government

13  Code §12940(i) in that these Defendants aided, abetted, incited, and in the particular case of

14  ASHWORTH, compelled and coerced the other Defendants into acting in ways that violated

15

16  Plaintiff HUNT's employment rights under United States and California Constitutions, as well as

17  federal and state statutes.

18  64.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff HUNT

19  has suffered great humiliation, loss of self-respect, indignity, anxiety, panic attacks, and related

20  physical injuries resulting directly from her persistent, debilitating emotional distress.

21

22  65.     Defendants' actions have caused and continue to cause Plaintiff HUNT grave

23  injuries to her personal and professional reputations, loss of promotional opportunities within the

24  EDSO as well as "lateral" employment opportunities with another law enforcement department,

25  attorneys' fees, medical expenses, lost future earnings and employment benefits, costs of suit,

26  humiliation, anguish, embarrassment, and anxiety, all to her damage in an amount according to

27  proof at trial.

28
-14-

1

## FOURTH CAUSE OF ACTION

2

(Failure To Prevent Discrimination – FEHA – Defendants COUNTY and EDSO, only)

3

4

66.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 65 of this

Complaint as though fully set forth herein.

5

6

67.     California Government Code Section 12940(k) makes it an unlawful employment

7

practice for "an employer, labor organization, employment agency, apprenticeship training

8

program, or any training program leading to employment, to fail to take all reasonable steps

9

necessary to prevent discrimination and harassment from occurring."

10

68.     Defendants in this action violated Section 12940(k) with regard to Plaintiff HUNT

11

when they knowingly, purposely, and recklessly created a hostile, abusive working environment

12

for Plaintiff which left her terrified to come in to work for fear of what new, damaging,

13

unfounded, and retaliatory actions the members of the "Boys Club" would have in store for her.

14

Defendants failed to conduct reasonable and impartial investigations when Plaintiff complained

15

16

about discriminatory conduct on the part of her supervisors, and even directly thwarted Plaintiff

17

HUNT's reasonable, by-the-book request to speak with Sheriff Kollar regarding a difficult,

18

sexually charged situation involving a fellow deputy (whose father is a named Defendant herein).

19

Defendants     also     failed     to     take     reasonable     steps     necessary     to     investigate     the

20

discrimination/harassment/retaliation issues Plaintiff raised and to prevent these issues from

21

occurring and continuing.

22

23

69.     Defendants' conduct toward Plaintiff HUNT, as set forth above, constitutes an

24

unlawful employment practice in violation of California Government Code §12940(k).

25

70.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff HUNT

26

has suffered great humiliation, loss of self-respect, indignity, anxiety, panic attacks, and related

27

physical injuries resulting directly from her persistent, debilitating emotional distress.

28

-15-

71.     Defendants' actions have caused and continue to cause Plaintiff HUNT grave injuries to her personal and professional reputations, loss of promotional opportunities within the EDSO as well as "lateral" employment opportunities with another law enforcement department, attorneys' fees, medical expenses, lost future earnings and employment benefits, costs of suit, humiliation, anguish, embarrassment, and anxiety, all to her damage in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

(Violations of Title VII of the Civil Rights Act of 1964,

42 U.S.C. Section 2000e, *et seq.* – All Defendants)

72.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 71 of this Complaint as though fully set forth herein.

73.     Defendants' actions and failures to act as alleged above constitute unlawful disparate treatment and an equally unlawful and damaging pattern and practice of violations of Plaintiff HUNT's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* to be free from sex discrimination in her workplace. Defendants' treatment of Plaintiff was, at all times, rife with discriminatory intent both subtle and obvious, and carried out for purposes of either terminating Plaintiff's employment (for which she is highly qualified and at which she is quite skilled) or forcing Plaintiff to quit, rather than face the continuing onslaught of Defendants' actions toward her.

74.     Defendants' actions have caused and continue to cause Plaintiff substantial injuries to her personal and professional reputations, loss of promotional opportunities within the EDSO as well as "lateral" employment opportunities with another law enforcement department, attorneys' fees, medical expenses, lost future earnings and employment benefits, costs of suit,

humiliation, anguish, embarrassment, and anxiety, all to her damage in an amount according to proof at trial.

75.     As to the individual Defendants only, the acts as alleged herein were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff, ruin her career, and cause Plaintiff to suffer mental anguish, anxiety, and great emotional distress. The acts of these individual Defendants were done in conscious disregard of the substantial risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, and malice under California Civil Code Section 3294; thus entitling Plaintiff to recover punitive damages against the named individual Defendants only.

## SIXTH CAUSE OF ACTION

(Violations of Civil Rights Laws – All Defendants)

76.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

77.     Defendants' actions and failures to act as alleged above constitute an unlawful pattern and practice of violations of Plaintiff HUNT's rights under United States Civil Rights Laws, 42 U.S.C. §§1983, 1985. Defendants, while acting under color of state authority and law, wrongfully and intentionally discriminated against, harassed, and retaliated against Plaintiff HUNT because of her protected categories, including but not limited to her sex; thus, Defendants treated Plaintiff in an unequal and unfair manner without any rational or legitimate basis.

78.     Defendants' actions, as set forth above, constitute violations under color of law of Plaintiff's rights, privileges and immunities guaranteed her by the First Amendment of the United States Constitution right of free speech and to petition the government for redress of grievances, the equal protection clause of the United States Constitution, and the due process clause of the Fourteenth Amendment of the United States Constitution.

79.     Defendants' actions have caused and continue to cause Plaintiff substantial injuries to her personal and professional reputations, loss of promotional opportunities within the EDSO as well as "lateral" employment opportunities with another law enforcement department, attorneys' fees, medical expenses, lost future earnings and employment benefits, costs of suit, humiliation, anguish, embarrassment, and anxiety, all to her damage in an amount according to proof at trial.

80.     As to the individual Defendants only, the acts as alleged herein were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff, ruin her career, and cause Plaintiff to suffer mental anguish, anxiety, and great emotional distress. The acts of these individual Defendants were done in conscious disregard of the substantial risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, and malice under California Civil Code Section 3294; thus entitling Plaintiff to recover punitive damages against the named individual Defendants only.

## SEVENTH CAUSE OF ACTION

(Violations of the Public Safety Officers' Procedural Bill of Rights Act, Government Code

Section 3300, *et seq.* – Defendants COUNTY and EDSO, only)

81.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 80 of this Complaint as though fully set forth herein.

82.     At all times relevant to this action, Plaintiff HUNT was a public safety officer as contemplated by Government Code Section 3301.

83.     Pursuant to Government Code Section 3304(a), Plaintiff HUNT shall not "be subjected (by her employer) to punitive action, or denied promotion, or be threatened with any such treatment, because of the lawful exercise of the rights granted (pursuant to the Act) ..., or the exercise of any rights under any existing administrative grievance procedure."

-18-

84.     Pursuant to Government Code Section 3309, Defendants are prohibited from searching Plaintiff HUNT's workplace locker without her knowledge, without her consent, in her absence, and without a warrant.

85.     Defendants, and each of them, in acting as herein described, have repeatedly violated Plaintiff's rights under the Act. Indeed, Plaintiff is aware of a recent occasion in which her private work locker was opened, its contents searched, and her belongings left exposed – all while she was not present and had provided no consent.

86.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff HUNT has suffered great humiliation, loss of self-respect, damage to her privacy rights, and damage to her personal and professional reputations. In addition to all other remedies authorized by the Act, Plaintiff is entitled to an injunction against these Defendants.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For prejudgment interest in an amount according to proof;

4. For equitable and/or injunctive relief according to proof;

5. For reasonable attorney's fees and cost of suit therein;

6. For punitive or exemplary damages against the individual defendants only; and,

7. For such other and further relief as the court may deem proper.

/ / /

/ / /

/ / /

/ / /

-19-

1    8. Plaintiff's hereby demand a trial by jury.

2

3    Dated:  June 3, 2010                          WATTS LAW OFFICES

4

5                                                  By:_____

6                                                        Douglas E. Watts, Esq.
                                                         Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                              -20-