**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, SBN 109419
Clayton T. Cook, SBN 260891
350 University Ave., Suite 200
Sacramento, California 95825
Telephone: 916.929.1481
**Attorneys for Defendants:** COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S DEPARTMENT

**KAHN, BROWN & POORE LLP**
David M. Poore, SBN 192541
30 Fifth St., Suite 200
Petaluma, CA 94952
Telephone: (707) 763-7100
**Co-Attorney for Plaintiff:** TANYA HUNT

**WATTS LAW OFFICES**
Douglas E. Watts, SBN 182274
1745 Creekside Drive
Folsom, CA 95630
Telephone: (916) 337-5221
**Co-Attorney for Plaintiff:** TANYA HUNT

**BARKETT & GUMPERT**
Franklin G. Gumpert, SBN 66051
P.O. Box 661448
Sacramento, CA 95866
Telephone: (916) 849-2480
**Attorney for Defendants:** PHIL CHOVANEC, DARIN LEWIS, BOB ASHWORTH and JACKIE NOREN

**JACKSON LEWIS LLP**
C. Christine Maloney, SBN 226575
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone: (415) 394-9400
**Attorney for Defendant:** KEVIN HOUSE

///

///

///

///

///

///

///

1
**STIPULATION AND PROTECTIVE ORDER AND ORDER**
{00820854.DOC}

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA HUNT, | CASE NO.  2:10-CV-01367-FCD-KJM |
| Plaintiff, | **STIPULATION REGARDING PROTECTIVE ORDER AND ORDER** |
| v. | |
| COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S DEPARTMENT; PHIL CHOVANEC, DARIN LEWIS, BOB ASHWORTH, JACKIE NOREN; and KEVIN HOUSE and DOES 1 through 50, inclusive, | |
| Defendants. / | |

Plaintiff TANYA HUNT and Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S DEPARTMENT, PHIL CHOVANEC, DARIN LEWIS, BOB ASHWORTH, JACKIE NOREN, and KEVIN HOUSE, by and through their undersigned counsel, acknowledge and agree that certain discoverable documents and deposition testimonies in this case will contain confidential documents and/or information regarding Plaintiff TANYA HUNT, Defendants PHIL CHOVANEC, DARIN LEWIS, BOB ASHWORTH, JACKIE NOREN, and KEVIN HOUSE, non-party peace officers who are employed by Defendant COUNTY OF EL DORADO and other persons not parties to this suit.  Accordingly, all parties have agreed to the use of a Discovery Referee to resolve the issues that may arise pertaining to discovery matters involving privilege or privacy in lieu of submitting discovery disputes to the Magistrate Judge.

This lawsuit involves allegations by Plaintiff TANYA HUNT against the EL DORADO COUNTY SHERIFF'S DEPARTMENT ("DEPARTMENT") and some of its employees.  Plaintiff TANYA HUNT contends she was treated improperly by the Defendants, which resulted in Internal

Affairs investigations and investigations conducted by the Human Resources Department. Potentially discoverable documents will include peace officer personnel records, peace officer background files, Internal Affairs investigations, EL DORADO COUNTY Human Resources investigations, TANYA HUNT's medical records, photographs, and other private information relating to peace officers. Without a protective order in place, if such information is required to be produced in discovery, it may run afoul of privacy rights guaranteed under the United States Constitution, the California Evidence Code, and Article I, Section 1 of the California Constitution, and/or the California Police Officers' Bill of Rights.

Subject to and without waiving any statutory or Constitutional privileges or objections to the admissibility or discoverability of any testimony, information or documents produced in connection with this Order, the parties stipulate that access to and use of such testimony, documents and information shall be governed by the provisions of this Stipulated Protective Order and that the terms set forth herein may be entered by the Court, pursuant to Federal Rule of Civil Procedure 26(c). This Stipulated Protective Order shall also apply to all copies, extracts, and summaries of designated documents.

## I.
## DESIGNATION OF CONFIDENTIAL DOCUMENTS

A.      "Confidential" materials shall be all documents that are handwritten, typewritten, printed, photostated, photographed, photocopied, transmitted by electronic mail or facsimile, and recorded by every means upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols, or combinations thereof, and any records thereby created regardless of the manner in which the record has been stored, which contain confidential and private information pertaining to TANYA HUNT, any current or former COUNTY OF EL DORADO employees, and/or third persons who are not parties to this suit.

B.   The scope of this Stipulated Protective Order is limited to the following categories of documents, which may or may not be subject to discovery:

1. El Dorado County Sheriff's Department Internal Affairs investigation documents;
2. El Dorado County Sheriff's Department Human Resources investigation documents;
3. El Dorado County Sheriff's Department memoranda and related supporting documents;
4. El Dorado County Sheriff's Department employee personnel files and background files;
5. El Dorado County Sheriff's Department employee performance evaluations, letters of counseling, disciplinary proceedings, and related supporting documents;
6. Plaintiff TANYA HUNT's medical and psychiatric records;
7. Photographs of a personal nature; and
8. Citizen complaints.

C.   Any document may be designated as "Confidential" upon a good faith determination by a party that the document contains private personnel information, and by stamping or affixing the words "CONFIDENTIAL" on the face of the document.  Tangible things other than documents (e.g., audio tapes, products, computer disks, etc.) may be designated by stamping or affixing the designation to the item or its container, as appropriate.

D.   A party producing a "Confidential" document may redact any private personnel information which may be affected by dissemination of the "Confidential" document.  Redactions shall

be made by such method that the masking of any text is readily apparent to persons reviewing the "Confidential" document, and the document shall also be marked "Redacted."

    E.    Any party may designate material as "Confidential" after production, only under the following conditions:

        1.    The party to whom such documents have been produced must be advised in writing of the new designation;

        2.    The new designation applies only as of the date and time of receipt of notice by the party notified;

        3.    The party to whom such documents have been produced must return the documents to the producing party, and in return must be provided with another copy of the documents that bears the new and correct designation;

        4.    The party to whom such documents have been produced must make a good faith effort to immediately retrieve any information disclosed to persons not authorized by this Protective Order to receive such information, and obtain an agreement from the persons to whom the disclosure was made to be bound by this Protective Order.

## II.
## RESTRICTIONS REGARDING CONFIDENTIAL DOCUMENTS

    A.    No "Confidential" documents produced by any party shall be used for any purpose other than the litigation, preparation and trial of this case, *Tanya Hunt v. County of El Dorado, et al.*, Case No. 2:10-CV-01367-FCD-KJM.

    B.    There shall be no disclosure of documents or information designated as "Confidential" to anyone other than the following:

1. The parties to the case, including current employees, officers, or directors of a corporate or entity party responsible for assisting counsel in the litigation and who have a reasonable need to know the contents of the "Confidential" documents;

2. The parties' attorneys, and the attorneys' staff, including, but not limited to, outside copy service personnel;

3. Experts and consultants retained by attorneys for the parties in the preparation or presentation of the case; and

4. The court or other officer who presides over any proceeding in the case, and to court reporters as necessary.

C. Disclosure.

1. Whenever, during the course of a deposition, "Confidential" documents or information are utilized by the examining attorney, only those parties permitted access to such documents pursuant to this Stipulated Protective Order shall be present at the deposition. Counsel for the party noticing the deposition shall instruct the court reporter that he or she is to ensure that all exhibits containing "Confidential" exhibits are labeled prominently as "CONFIDENTIAL," and that originals or copies of such "Confidential" exhibits may be released to no one except counsel for the parties.

2. Any party to this Stipulation may designate testimony given during a deposition as "Confidential" via the party's counsel making a statement on the record before or during the testimony that is "Confidential" and subject to this stipulation and order. The portions of a deposition which contain "Confidential" testimony shall be prepared by the court reporter in a separate transcript.

///

///

## III.

## **GENERAL**

A. The terms of this Stipulated Protective Order shall be binding on all parties from the time that all parties' counsels have signed the Stipulation, even if the Court has not signed the Order.

B. This Stipulated Protective Order may be modified or terminated by the court for good cause shown, or by signed stipulation by all parties.

C. Any party for good cause may apply to the Court or the Discovery Referee, if appointed, to challenge a designation made by any other party, or to reveal information that the producing party has redacted, after an attempt has been made to meet and confer over the issue. Upon such a request to the court to challenge the designation made, the Court or the Discovery Referee shall first review the documents and determine whether the designation is appropriate. The parties shall comply with this Stipulated Protective Order unless the Court or the Discovery Referee orders otherwise.

D. The party designating material as "Confidential" may waive any of the provisions of this Stipulated Protective Order in writing.

E. The parties agree that they will meet and confer with the court as necessary about the handling of material designated by any of the parties as "Confidential," produced pursuant to this Stipulated Protective Order for trial purposes. Nothing herein shall be construed as a concession by any party that its presentation at trial of evidence relevant to its claims or defenses should be restricted in any manner.

F. This Order shall be without prejudice to present a stipulation or motion to the court under Federal Rule of Civil Procedure 26(c) for a separate Protective Order as to any particular document or information, including restrictions different from those as specified herein. This shall not

be deemed to prejudice the parties in any way in any future application for modification of this Stipulation and Order.

## IV.

## <u>TERMINATION OF THE LITIGATION</u>

A. Within twenty days after a final unopposed judgment or demand after settlement, all original "Confidential" materials and all copies or portions thereof containing or reflecting information from "Confidential" documents shall be returned to counsel for the producing party.

B. This Stipulated Protective Order shall survive and remain in full force and effect after the termination of this case and may be enforced as a contract between the parties, or by application to the court for a finding of contempt.

**IT IS SO STIPULATED.**

Dated:  September 24, 2010              **WATTS LAW OFFICES**


By /Douglas E. Watts/ (as authorized on 9/20/10)
    Douglas E. Watts
    Attorney for Plaintiff
    TANYA HUNT

Dated:  September 24, 2010              **KAHN, BROWN & POORE LLP**

By    /David M. Poore/ (as authorized on 9/22/10)
    David M. Poore
    Co-Attorney for Plaintiff
    TANYA HUNT

Dated:  September 24, 2010              **BARKETT & GUMPERT**

By /Franklin G. Gumpert/ (as authorized on 9/20/10)
    Franklin G. Gumpert
    Attorney for Defendants
    PHIL CHOVANEC, DARIN LEWIS,
    BOB ASHWORTH and JACKIE NOREN

Dated:  September 24, 2010          **JACKSON LEWIS LLP**


By /Christine Maloney/ (as authorized on 9/20/10)
      C. Christine Maloney
      Attorney for Defendant
      KEVIN HOUSE


Dated:  September 24, 2010          **PORTER SCOTT**
                                    **A PROFESSIONAL CORPORATION**

By      /Nancy J. Sheehan/
        Nancy J. Sheehan
        Clayton T. Cook
        Attorneys for Defendants
        COUNTY OF EL DORADO and
        EL DORADO COUNTY SHERIFF'S
        DEPARTMENT

9
**STIPULATION AND PROTECTIVE ORDER AND ORDER**
{00820854.DOC}

## **ORDER**

Having reviewed the above Stipulation, considered the applicable law, and good cause appearing, THE COURT ORDERS AS FOLLOWS: The parties' stipulation is approved with the understanding that it governs relations between the parties and the discovery phase of litigation, and does not predetermine any issues related to the sealing or redaction or retention of documents filed with or otherwise presented to the court. See Local Rules 140, 141. To seek appointment of a discovery referee, the parties may submit a joint stipulation to the court. If the parties cannot agree on the person who should be designated as the discovery referee, each side shall submit five names to the court and the court will thereafter select a referee from the submitted names.

**IT IS SO ORDERED.**

Dated: October 4, 2010.

_____
U.S. MAGISTRATE JUDGE

## ATTACHMENT A

## **NONDISCLOSURE AGREEMENT**

    I, _____, hereby swear that I am fully familiar with the terms and conditions of the Stipulated Protective Order entered in _____ in United States District Court for the Eastern District of California, Case No. 2:10-CV-01367-FCD-KJM, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____    _____

    _____