UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TANYA HUNT,

        Plaintiff,

   v.

COUNTY OF EL DORADO; PHIL CHOVANEC; DARRIN LEWIS; KEVIN HOUSE; BOB ASHWORTH; JACKIE NOREN; and DOES 1 through 50, inclusive,

        Defendants.
_____/

No. 2:10-CV-01367-FCD-KJM

MEMORANDUM AND ORDER

----oo0oo----

On October 14, 2010, plaintiff Tanya Hunt ("plaintiff") filed a First Amended Complaint for damages, equitable and/or injunctive relief (the "FAC") against defendants County of El Dorado, Phil Chovanec, Darrin Lewis, Kevin House, Bob Ashworth, and Jackie Noren. On November 11, 2010, defendants Chovanec, Lewis, Ashworth, Noren, and House (collectively, "defendants") filed motions to dismiss plaintiff's complaint.[1] Plaintiff opposes defendants' motions.

---

[1] Defendants had previously filed motions to dismiss, which were rendered moot by plaintiff's FAC.

Because the court concludes that the FAC lacks the necessary information to place defendants on proper notice and to give them adequate ability to respond as required by Rule 8(a) of the Federal Rules of Civil Procedure, it does not reach the full merits of defendants' pending motions. While the complaint is fraught with conclusory statements of the law and numerous factual allegations concerning various points during her approximately five years of employment with the County of El Dorado, it lacks the necessary information to render the complaint a "short and plain statement of the claim[s]" required by Rule 8(a) and falls short of meeting Rule 8(e)'s requirement that each allegation in the complaint "be simple, concise, and direct."

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

In this case, the court is troubled by the lack of coherent organization of the factual allegations in the complaint as they relate to the specific claims against each individual defendant. All claims against the moving defendants are contained in the "Fifth Cause of Action" for "Violations of Civil Rights Laws." (FAC ¶¶ 72-77.) Under this heading, plaintiff alleges that all defendants (1) took adverse employment actions against her; (2) discriminated against her and similarly situated employees; (3)

discriminated against, harassed, and retaliated against her "because of her protected categories, including but not limited to her sex"; (4) deprived her of her First Amendment right to free speech; (5) deprived her of her First Amendment right to petition the government for redress of grievances; and (6) violated her right to Equal Protection.  However, plaintiff never identifies what adverse employment action each defendant took against her.  She never identifies how each defendant discriminated, harassed, or retaliated against her or similarly situated employees.  Further, plaintiff fails to identify with any clarity what "protected categories" to which she belongs.  Similarly, plaintiff fails to identify how each defendant allegedly violated her First Amendment rights.[2]  As such, the complaint does not provide defendants with "fair notice" of the nature of the claims or the "grounds" on which the claims rest.  See Bell Atlantic, 127 S.Ct. at 1964-65 ("A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .").

Defendants' motions to dismiss illustrate the lack of fair notice to defendants of the claims against them and the factual bases on which they rest.  Defendants devoted an aggregate of 18 pages to arguments relating to plaintiffs' failure to identify (1) each defendant's personal involvement in alleged

---

[2]  Moreover, plaintiff's oppositions wholly fail to respond to defendants' arguments relating to the First Amendment and Equal Protection claims.

1  discriminatory conduct; (2) each defendant's personal involvement
2  in alleged harassing conduct; (3) each defendant's personal
3  involvement in alleged retaliatory conduct; and (4) each legal
4  bases for the generalized "civil rights" violations.[3]  However,
5  in response, plaintiff submits an aggregate of six pages,
6  conclusorily asserting only that she suffered an adverse
7  employment action.
8       To permit plaintiff to proceed on the submitted complaint
9  would seriously undermine the goal of Rule 8 in encouraging the
10 fair and expeditious resolution of disputes.  Therefore, for the
11 foregoing reasons, the court makes the following orders:
12      (1)  Plaintiff shall file and serve a second amended
13           complaint within twenty (20) days of the date of this
14           order, which complies with Rule 8.
15      (2)  Defendants shall file their responses to the first
16           amended complaint within 30 days of service thereof.
17      (3)  Defendants' pending motions are VACATED as MOOT.
18      IT IS SO ORDERED.
19 DATED: January 10, 2011

                                  _____
                                  FRANK C. DAMRELL, JR.
                                  UNITED STATES DISTRICT JUDGE

---

[3] Defendants Chovanec, Lewis, Ashworth, and Noren's motion addresses claims for violations of substantive due process and civil conspiracy that may or may not be asserted in the FAC. As set forth above, plaintiff's vague assertion of "Violations of Civil Rights Laws" paired with generalized, conclusory allegations against all defendants requires each defendant to guess what the factual and legal basis for plaintiff's claims are.

4