IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANYA HUNT,

    Plaintiff,                        No. CIV S-10-1367 JAM CKD

   vs.

COUNTY OF EL DORADO, et al.,

    Defendants.                      <u>ORDER</u>

_____/

        Plaintiff's motion to reverse the December 16, 2011 ruling by the discovery referee came on regularly for hearing on January 25, 2012. Douglas Watts appeared for plaintiff. Stephen Horan appeared for defendant. Defendant was directed to submit for <u>in camera</u> review documents which had been submitted to the discovery referee. Upon review of the documents in support and opposition, upon review of the documents submitted <u>in camera</u>,[1] upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff, a former deputy sheriff with the El Dorado County Sheriff's Department ("EDSO") alleges discrimination based on gender. Plaintiff asserts claims

---

[1] Although responses to interrogatories are at issue on the pending motion, the documents submitted for <u>in camera</u> review comprise personnel documents regarding Phil Chovanec, a named defendant who has now been dismissed from this action. Responding to the interrogatories would require disclosure of information contained in Chovanec's personnel file.

1

under 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1983, California Government Code § 12940, et seq. ("FEHA"), and other state law claims. Plaintiff alleges that the Sheriff's department has a "Boys Club" and that members of this club are not sanctioned for misconduct as severely as women in the department who violate similar work rules.

Discovery matters were referred to discovery referee Carolyn Langenkamp by consent of the parties. Dkt. no. 31. On December 16, 2011, the referee granted defendant's motion to reconsider a prior discovery order and ruled that defendant did not have to respond to interrogatories 9-16, which inquired as to the basis for disciplinary action taken against defendant Chovanec. Plaintiff by the present motion seeks a reversal of the referee's order.

As an initial matter, the standard of review must be determined. In the joint status report, the parties stipulated that discovery referee "rulings on [discovery] issue may be considered by, but are not binding on, the Magistrate and/District Judge." Dkt. no. 18 at 4:20-22. Federal Rule of Civil Procedure 53, which governs appointment of special masters, provides for de novo review of factual and legal issues. Fed. R. Civ. P. 53(f)(3), (4). Accordingly, the court will review this matter de novo.

Defendant objects to the discovery sought here because it would require disclosure of confidential information maintained in police personnel files. Such files are afforded special protection under state law and carry a qualified privilege against disclosure under federal law as they are considered to be "official information." See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (federal common law recognizes qualified privilege for official information); see also Cal. Penal Code §§ 832.5, 832.7, 832.8, Cal. Evid. Code § 1043, Cal Gov't Code § 6254 (state provisions affording protection to peace officer personnel information).[2] In determining whether discovery should be allowed, the court must

---

[2] Although this case is governed by federal privilege law, the court finds the state privilege law does not conflict with federal law and should inform the balancing of the interests asserted here by plaintiff and Chovanec. See, e.g. Brooks v. County of San Joaquin, 275 F.R.D. 528 (E.D. Cal. 2011) (discovery of sheriff's officers' personnel files in action under 42 U.S.C. §

weigh "the potential benefits of disclosure against the potential disadvantages." Sanchez, 936 F.3d at 1033-34.

Defendant contends the information sought is irrelevant because Chovanec is not similarly situated to plaintiff in that Chovanec was a probationary status sergeant who was released from that position back to his prior position as a deputy sheriff whereas plaintiff was a deputy sheriff who was terminated, in part, based on sexual misconduct. See Joint Statement, Exh. L; see generally McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (to establish prima facie case, plaintiff must demonstrate similarly situated persons outside plaintiff's protected class treated differently). The court does not find defendant's argument persuasive with respect to the comparability of plaintiff's and Chovanec's respective positions in the Sheriff's department. The dispositive inquiry here, however, is whether the incidents supporting the corrective action taken against Chovanec are comparable to the conduct upon which the disciplinary action was taken against plaintiff. Upon review of the documents submitted in camera, the court concludes the conduct is not comparable. In these circumstances, the balance must weigh in favor of Chovanec's privacy rights because the probative value is minimal, at best. See Vasquez v. County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003) (individuals similarly situated when they display similar conduct); see also Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003) (proposed comparators not similarly situated because record of misconduct not comparable to plaintiff's).

////
////
////
////
////

---

1983).

1       Accordingly, IT IS HEREBY ORDERED that the motion to reverse the December 16, 2011 ruling by the discovery referee (dkt. no. 79) is denied.

Dated: February 1, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
hunt.icr