1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   HUNT,                            No.  2:10-CV-01367 JAM-CKD

12              Plaintiff,            **ORDER GRANTING IN PART**
                                      **DEFENDANT'S MOTION FOR SANCTIONS**
13        v.

14   COUNTY OF EL DORADO, et al.,

15              Defendant.

16

17        This matter is before the Court on Defendant County of El

18   Dorado's ("Defendant") Motion for Sanctions (Doc. #94), which

19   seeks an award of sanctions against Plaintiff's Counsel Douglas

20   E. Watts and Stephen M. Murphy (collectively "Plaintiff's

21   Counsel").  Plaintiff Tanya Hunt ("Plaintiff") originally filed

22   this action (Doc. #1), but since the present motion seeks

23   sanctions against Plaintiff's Counsel, Plaintiff's Counsel both

24   submitted declarations in opposition (Doc. #95, 96).[1]  For the

25   reasons set forth below, Defendant's motion is granted in part.

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28   for October 3, 2012.

                                   1

1

2                I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

3          Plaintiff filed her Third Amended Complaint, the operative

4     complaint, on April 16, 2011, asserting claims for violations of

5     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 42

6     U.S.C. §§ 1983 and 1985; and California's Fair Employment and

7     Housing Act, Government Code §§ 12940, et seq.   Doc. #51.

8          Generally, Plaintiff contends that a "Boys Club" exists

9     within the El Dorado County Sheriff's Office ("EDSO"), which

10    unfairly targets female employees for discipline.   Plaintiff

11    claims that she and other female employees were treated less

12    favorably than their male counterparts and written up for conduct

13    that male counterparts routinely engaged in without incident or

14    complaint.

15         On June 13, 2011, Plaintiff propounded interrogatories to

16    Defendant.   Interrogatories 9-33 focused on four male EDSO

17    supervisors and sought information Plaintiff believed supported

18    her disparate treatment claims.   On October 21, 2011, the

19    discovery referee determined that the information sought through

20    Interrogatories 23-33 was not relevant, but Defendant was ordered

21    to provide further responses to Interrogatories 9-16 pertaining

22    to Sergeant Phil Chovanec.

23         On November 4, 2011, Defendant submitted its motion for

24    reconsideration of the discovery referee's ruling as to

25    Interrogatories 9-16.   On November 11, 2011, Mr. Watts submitted

26    Plaintiff's opposition via email with Stacie Walls's declaration

27    as an attachment.   The declaration was printed on Mr. Watts's

28    letterhead and the second page of the document included a

1   statement indicating that the document was executed

2   electronically in Shingle Springs, California.  The notation

3   "/s/" was placed on the signature line above Stacie Walls's

4   typewritten name.  According to the declaration, Ms. Walls had

5   personal knowledge that Sergeant Chovanec damaged a County

6   vehicle trying to avoid Deputies Tracey DiVita and Shane Humbird.

7   The declaration also referred to past conversations Ms. Walls had

8   with Deputies DiVita and Humbird about the incident.

9       On December 16, 2011, the discovery referee found that

10  Sergeant Chovanec was not similarly situated to Plaintiff and

11  granted Defendant's motion for reconsideration.  On December 29,

12  2011, Plaintiff filed a motion with the Court to reverse the

13  December 16, 2011 ruling by the discovery referee, which was

14  denied on February 1, 2012.

15      On March 29, 30, and May 25, 2012, Ms. Walls was deposed in

16  a related, but different case.  During her deposition, she was

17  asked whether she had ever seen the declaration.  Ms. Walls said

18  she talked about it with Mr. Watts and she might have seen the

19  declaration. Deposition of Stacie Walls, Exhibit D to the

20  Declaration of Beatriz Berumen, Doc #94 ("Walls Dep.") at 351:16-

21  352:6.  She also testified that she did not remember whether she

22  signed the declaration. Id. at 352:7-10.  She then proceeded to

23  describe how she heard about the Chovanec incident and she

24  described the conversations she had with Deputies DiVita and

25  Humbird.  Id. at 352:11-358:18. Finally, she testified that she

26  did not know that the declaration was presented to the Court as

27  something she had signed.  Id. at 358:115-18.

28

3

1    Following Ms. Walls's deposition, on April 3 and 16, 2012,

2    Defendant's Counsel contacted Mr. Watts requesting a copy of the

3    original signature page of Ms. Walls's declaration.  On April 19,

4    2012, Watts responded via email and confirmed that he did not

5    have a signed original version of Ms. Walls's declaration, adding

6    that Ms. Walls intended to sign and return an original version,

7    but did not do so.

8

9                            II. OPINION

10    Defendant seeks sanctions against Plaintiff's Counsel

11    pursuant to the Local Rules, 28 U.S.C. § 1927, and the Court's

12    inherent authority.  Plaintiff's Counsel's declarations offer no

13    legal authority as to why sanctions are not appropriate. Because

14    Plaintiff's Counsel Murphy in his declaration states that he was

15    not involved in the preparation of Ms. Walls's declaration

16    (Murphy Dec., Doc. #96, at ¶ 10), and Defendant does not describe

17    any misconduct by Mr. Murphy, the Court limits its analysis to

18    Mr. Watts's conduct.

19         A.    Sanctions Pursuant to Local Rules

20    Defendant argues that sanctions are appropriate pursuant to

21    Local Rule 110 because Mr. Watts violated Local Rules 131 (f) and

22    180(e) by submitting Ms. Walls's declaration.   Local Rule 110

23    authorizes the Court to impose sanctions for "failure of counsel

24    or of a party to comply with these Rules."  The decision to award

25    sanctions is a matter within the Court's sound discretion.  Moser

26    v. Bret Harte Union High Sch. Dist., 366 F. Supp. 2d 944, 949

27    (E.D. Cal. 2005).

28

                                  4

1              1.   Local Rule 131(f)

2        Local Rule 131(f) allows an attorney to submit electronic

3   copies of documents containing non-attorney signatures.  To be

4   adequate, electronically submitted documents must bear a "/s/,"

5   bear the person's name on the signature line, and should state

6   that counsel has a signed original copy.  Local Rule 131(f) also

7   requires counsel to maintain the original signature for one year

8   after the exhaustion of all appeals.

9        Here, Mr. Watts submitted an electronic copy of Ms. Walls's

10  declaration without having a signed original copy.  Mr. Watts's

11  states that Ms. Walls was unable to sign the declaration in

12  person because she was unable to get to his office.  However,

13  Rule 131(f) requires a signed original copy without exception.

14  Therefore, Plaintiff's Counsel violated Local Rule 131(f).

15             2.   Local Rule 180(e)

16       Local Rule 180(e) requires that all attorneys permitted to

17  practice in this Court be familiar and comply with "the standards

18  of professional conduct required of members of the State Bar of

19  California and contained in the State Bar Act, the Rules of

20  Professional Conduct of the State Bar of California, and court

21  decisions applicable thereto, which are hereby adopted as

22  standards of professional conduct in this Court."  Under the

23  California Rules of Professional Conduct, an attorney "shall not

24  seek to mislead the judge, judicial officer or jury by an

25  artifice or false statement of law fact or law."  CAL. RULES PROF.

26  CONDUCT, RULE 5-200(B).

27

28

                                  5

1    In Ms. Walls's declaration, Mr. Watt used the "/s/"

2  notation, which misled the Court and opposing counsel to think

3  that Ms. Walls had signed an original copy prior to the creation

4  of the electronic copy.  Therefore, Plaintiff violated Local Rule

5  180(e).

6    Accordingly, sanctions are appropriate under Local Rule 110

7  for violation of both Local Rules 131(f) and 180(e).  For the

8  reasons stated below, the Court awards Defendant $4,710.00.

9    B.   Sanctions Pursuant to 28 U.S.C. § 1927

10    Defendant argues that sanctions are also appropriate under

11  28 U.S.C. § 1927 because Defendant had to expend time and

12  resources defending against the allegations contained within Ms.

13  Walls's declaration.  In response, Mr. Watts declares that he has

14  never knowingly presented a false declaration and that Ms.

15  Walls's declaration was, to the best of his information and

16  belief, an accurate representation of Ms. Walls's statements to

17  him.  Watts Dec., Doc. #95, at ¶¶ 2, 12.  In its Reply, Defendant

18  argues that "knowing" is not required for sanctions under § 1927

19  and that recklessness is enough.

20    Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so

21  multiplies the proceedings in any case unreasonably and

22  vexatiously may be required by the court to satisfy personally

23  the excess costs, expenses, and attorneys' fees reasonably

24  incurred because of such conduct."  28 U.S.C. § 1927.  Section

25  1927 sanctions must be based on a finding of subjective bad

26  faith.  Pratt v. California, 11 F. App'x 833, 835 (9th Cir.

27  2001).  Bad faith can be found when an attorney knowingly or

28  recklessly raises a frivolous argument or raises an argument only

1  to harass an opponent.  Id.  Moreover, "[w]hen an attorney

2  repeatedly and vexatiously presents 'facts' and 'law' to the

3  Court that are plainly wrong or misleading, which needlessly

4  prolong and multiply the summary judgment proceedings and

5  materially increase the burden on the Court, bad faith can be

6  inferred."  Moser, 366 F. Supp. 2d at 979.

7      Because a party "may" be required to satisfy expenses,

8  courts have substantial discretion to award or not award

9  sanctions under § 1927.  Haynes v. City & County of San

10  Francisco, 688 F.3d 984, 987-88 (9th Cir. 2012).  An award cannot

11  exceed the amount expended by the opposing party, but the award

12  may be less than that amount.  Id. (citing United States v.

13  Associated Convalescent Enters., Inc., 766 F.2d 1342, 1347-48

14  (9th Cir. 1985)).  Section 1927 only authorizes an award for

15  amounts expended due to unreasonable conduct, not a general award

16  of sanctions.  Associated Convalescent Enters., 766 F.2d at 1347-

17  48.

18      In the present matter, Ms. Walls said she talked to Mr.

19  Watts about the declaration and that she might have previously

20  seen it, but she did not know it was submitted to the Court as

21  something she had signed.  Mr. Watts acted recklessly by not

22  having Ms. Walls sign the declaration and by not informing her

23  that he was submitting it to the Court.  Further, Mr. Watts

24  conduct amounts to bad faith because he knowingly submitted a

25  declaration with a false and misleading signature to the

26  discovery referee and then again to the Court. By resubmitting

27  the declaration, Mr. Watts needlessly prolonged the proceedings.

28      Defendant also points out that Deputy DiVita has denied the

1   allegations found in Ms. Walls's declaration, but that has no

2   effect on whether Ms. Walls recalled the events or on whether the

3   signature was false. Accordingly, sanctions pursuant to § 1927

4   are appropriate. The Court does not, however, agree with

5   Defendant that an award should encompass all the fees requested.

6      Defendant requests $21,482.55 for the fees incurred as a

7   result of Mr. Watts's behavior.  Based on a review of Defendant's

8   Counsel's declaration concerning fees, the Court finds that

9   Defendant's fees related to investigating the allegations in the

10  declaration, preparing the joint statement for Plaintiff's motion

11  to reverse the discovery referee's order, requesting to seal

12  documents, preparing this Motion for Sanctions, and associated

13  costs stem from Ms. Walls's declaration and Mr. Watts's bad

14  faith.

15     The Court will not award Defendant its fees related to

16  Defendant's reply to Plaintiff's November 11, 2011, opposition

17  because Defendant would have filed a reply regardless of the

18  declaration.  The Court will also not award fees related to

19  Deputy DiVita's deposition because the deposition was taken after

20  Defendant's Counsel had reason to believe that the signature was

21  false and Defendant could have had the declaration stricken

22  pursuant to the Local Rules.  See Local Rule 131(g).

23     The Court finds that Defendant's Counsel's hourly rates of

24  $170-$200 are reasonable but that the number of hours billed

25  appears excessive.  After reviewing the itemized billing records

26  submitted in support of Defendant's motion, the Court finds that

27  Defendant billed $18,842.55 for the tasks that were required to

28  be performed because Mr. Watts unreasonably multiplied the

1    proceedings.

2         Plaintiff's Counsel requests the Court to reduce any award

3    because Mr. Watts has a limited ability to pay the fees as a

4    result of health and financial troubles, including filing for

5    Chapter 7 bankruptcy protection.  Watts Dec. ¶ 3; Murphy Dec.

6    ¶ 2.  Because $18,842.55 would be at least 37.7 percent of Mr.

7    Watts's total assets, which, according to his bankruptcy

8    petition, is at most $50,000, the Court finds that $18,842.55

9    exceeds Mr. Watts's ability to pay.  Haynes, 688 F.3d at 988

10   ("[A] district court may, in its discretion, reduce the amount of

11   a § 1927 sanctions award, . . . because of the sanctioned

12   attorney's inability to pay.") Also, as noted above, the Court

13   has determined that Defendant's total billable hours are

14   excessive.   Therefore, the Court will award sanctions to

15   Defendant but will reduce the amount awarded to $4,500.00.  The

16   Court further finds that this amount is sufficient to (1) deter

17   future misconduct and (2) compensate Defendant, in part, for

18   their losses related to the misconduct.  See id. at 987-88

19   (holding that § 1927 is designed to deter future misconduct,

20   compensate victims of misconduct, or both).

21        C.   Sanctions Pursuant to the Court's Inherent Authority

22        Defendant argues that the Court may award sanctions pursuant

23   to its inherent powers.  See B.K.B. v. Maui Police Dep't, 276

24   F.3d 1091, 1107-108 (9th Cir. 2002).  Bad faith is required for

25   sanctions under the Court's inherent power.  Id.  For the same

26   reasons that an award of § 1927 sanctions is appropriate, the

27   Court finds that an award of sanctions pursuant to its inherent

28   power in the amount of $4,500.00 is appropriate.

1

2                                III.  ORDER

3          For the foregoing reasons, Plaintiff's Counsel Douglas E.

4    Watts is hereby ordered to pay sanctions to Defendant in the

5    amount of $4,500.00. Plaintiff's Counsel Watts is ordered to

6    arrange payment or a payment schedule with Defendant's Counsel

7    within 30 days of this Order and provide proof of payment to this

8    Court.

9          IT IS SO ORDERED.

10   Dated: October 10, 2012          _____

11                                    JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      10