UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNT,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF EL DORADO, et al.,<br><br>        Defendant. | No. 2:10-CV-01367 JAM-CKD<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS** |

This matter is before the Court on Defendant County of El Dorado's ("Defendant") Motion for Sanctions (Doc. #94), which seeks an award of sanctions against Plaintiff's Counsel Douglas E. Watts and Stephen M. Murphy (collectively "Plaintiff's Counsel"). Plaintiff Tanya Hunt ("Plaintiff") originally filed this action (Doc. #1), but since the present motion seeks sanctions against Plaintiff's Counsel, Plaintiff's Counsel both submitted declarations in opposition (Doc. #95, 96).[1] For the reasons set forth below, Defendant's motion is granted in part.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 3, 2012.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed her Third Amended Complaint, the operative complaint, on April 16, 2011, asserting claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; 42 U.S.C. §§ 1983 and 1985; and California's Fair Employment and Housing Act, Government Code §§ 12940, et seq.  Doc. #51.

Generally, Plaintiff contends that a "Boys Club" exists within the El Dorado County Sheriff's Office ("EDSO"), which unfairly targets female employees for discipline.  Plaintiff claims that she and other female employees were treated less favorably than their male counterparts and written up for conduct that male counterparts routinely engaged in without incident or complaint.

On June 13, 2011, Plaintiff propounded interrogatories to Defendant.  Interrogatories 9-33 focused on four male EDSO supervisors and sought information Plaintiff believed supported her disparate treatment claims.  On October 21, 2011, the discovery referee determined that the information sought through Interrogatories 23-33 was not relevant, but Defendant was ordered to provide further responses to Interrogatories 9-16 pertaining to Sergeant Phil Chovanec.

On November 4, 2011, Defendant submitted its motion for reconsideration of the discovery referee's ruling as to Interrogatories 9-16.  On November 11, 2011, Mr. Watts submitted Plaintiff's opposition via email with Stacie Walls's declaration as an attachment.  The declaration was printed on Mr. Watts's letterhead and the second page of the document included a

2

1  statement indicating that the document was executed
2  electronically in Shingle Springs, California.  The notation
3  "/s/" was placed on the signature line above Stacie Walls's
4  typewritten name.  According to the declaration, Ms. Walls had
5  personal knowledge that Sergeant Chovanec damaged a County
6  vehicle trying to avoid Deputies Tracey DiVita and Shane Humbird.
7  The declaration also referred to past conversations Ms. Walls had
8  with Deputies DiVita and Humbird about the incident.
9      On December 16, 2011, the discovery referee found that
10 Sergeant Chovanec was not similarly situated to Plaintiff and
11 granted Defendant's motion for reconsideration.  On December 29,
12 2011, Plaintiff filed a motion with the Court to reverse the
13 December 16, 2011 ruling by the discovery referee, which was
14 denied on February 1, 2012.
15     On March 29, 30, and May 25, 2012, Ms. Walls was deposed in
16 a related, but different case.  During her deposition, she was
17 asked whether she had ever seen the declaration.  Ms. Walls said
18 she talked about it with Mr. Watts and she might have seen the
19 declaration. Deposition of Stacie Walls, Exhibit D to the
20 Declaration of Beatriz Berumen, Doc #94 ("Walls Dep.") at 351:16-
21 352:6.  She also testified that she did not remember whether she
22 signed the declaration. Id. at 352:7-10.  She then proceeded to
23 describe how she heard about the Chovanec incident and she
24 described the conversations she had with Deputies DiVita and
25 Humbird.  Id. at 352:11-358:18. Finally, she testified that she
26 did not know that the declaration was presented to the Court as
27 something she had signed.  Id. at 358:115-18.
28

1    Following Ms. Walls's deposition, on April 3 and 16, 2012,
2 Defendant's Counsel contacted Mr. Watts requesting a copy of the
3 original signature page of Ms. Walls's declaration.  On April 19,
4 2012, Watts responded via email and confirmed that he did not
5 have a signed original version of Ms. Walls's declaration, adding
6 that Ms. Walls intended to sign and return an original version,
7 but did not do so.

## II. OPINION

10    Defendant seeks sanctions against Plaintiff's Counsel
11 pursuant to the Local Rules, 28 U.S.C. § 1927, and the Court's
12 inherent authority.  Plaintiff's Counsel's declarations offer no
13 legal authority as to why sanctions are not appropriate. Because
14 Plaintiff's Counsel Murphy in his declaration states that he was
15 not involved in the preparation of Ms. Walls's declaration
16 (Murphy Dec., Doc. #96, at ¶ 10), and Defendant does not describe
17 any misconduct by Mr. Murphy, the Court limits its analysis to
18 Mr. Watts's conduct.

### A.   Sanctions Pursuant to Local Rules

20    Defendant argues that sanctions are appropriate pursuant to
21 Local Rule 110 because Mr. Watts violated Local Rules 131 (f) and
22 180(e) by submitting Ms. Walls's declaration.  Local Rule 110
23 authorizes the Court to impose sanctions for "failure of counsel
24 or of a party to comply with these Rules."  The decision to award
25 sanctions is a matter within the Court's sound discretion. <u>Moser</u>
26 <u>v. Bret Harte Union High Sch. Dist.</u>, 366 F. Supp. 2d 944, 949
27 (E.D. Cal. 2005).

1                1.   Local Rule 131(f)

2        Local Rule 131(f) allows an attorney to submit electronic
3   copies of documents containing non-attorney signatures.  To be
4   adequate, electronically submitted documents must bear a "/s/,"
5   bear the person's name on the signature line, and should state
6   that counsel has a signed original copy.  Local Rule 131(f) also
7   requires counsel to maintain the original signature for one year
8   after the exhaustion of all appeals.
9        Here, Mr. Watts submitted an electronic copy of Ms. Walls's
10  declaration without having a signed original copy.  Mr. Watts's
11  states that Ms. Walls was unable to sign the declaration in
12  person because she was unable to get to his office.  However,
13  Rule 131(f) requires a signed original copy without exception.
14  Therefore, Plaintiff's Counsel violated Local Rule 131(f).

15               2.   Local Rule 180(e)

16       Local Rule 180(e) requires that all attorneys permitted to
17  practice in this Court be familiar and comply with "the standards
18  of professional conduct required of members of the State Bar of
19  California and contained in the State Bar Act, the Rules of
20  Professional Conduct of the State Bar of California, and court
21  decisions applicable thereto, which are hereby adopted as
22  standards of professional conduct in this Court."  Under the
23  California Rules of Professional Conduct, an attorney "shall not
24  seek to mislead the judge, judicial officer or jury by an
25  artifice or false statement of law fact or law."  CAL. RULES PROF.
26  CONDUCT, RULE 5-200(B).

27

28

In Ms. Walls's declaration, Mr. Watt used the "/s/" notation, which misled the Court and opposing counsel to think that Ms. Walls had signed an original copy prior to the creation of the electronic copy.  Therefore, Plaintiff violated Local Rule 180(e).

Accordingly, sanctions are appropriate under Local Rule 110 for violation of both Local Rules 131(f) and 180(e).  For the reasons stated below, the Court awards Defendant $4,710.00.

B.   Sanctions Pursuant to 28 U.S.C. § 1927

Defendant argues that sanctions are also appropriate under 28 U.S.C. § 1927 because Defendant had to expend time and resources defending against the allegations contained within Ms. Walls's declaration.  In response, Mr. Watts declares that he has never knowingly presented a false declaration and that Ms. Walls's declaration was, to the best of his information and belief, an accurate representation of Ms. Walls's statements to him.  Watts Dec., Doc. #95, at ¶¶ 2, 12.  In its Reply, Defendant argues that "knowing" is not required for sanctions under § 1927 and that recklessness is enough.

Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  Section 1927 sanctions must be based on a finding of subjective bad faith.  Pratt v. California, 11 F. App'x 833, 835 (9th Cir. 2001).  Bad faith can be found when an attorney knowingly or recklessly raises a frivolous argument or raises an argument only

6

1  to harass an opponent. Id.  Moreover, "[w]hen an attorney
2  repeatedly and vexatiously presents 'facts' and 'law' to the
3  Court that are plainly wrong or misleading, which needlessly
4  prolong and multiply the summary judgment proceedings and
5  materially increase the burden on the Court, bad faith can be
6  inferred." Moser, 366 F. Supp. 2d at 979.
7      Because a party "may" be required to satisfy expenses,
8  courts have substantial discretion to award or not award
9  sanctions under § 1927. Haynes v. City & County of San
10 Francisco, 688 F.3d 984, 987-88 (9th Cir. 2012).  An award cannot
11 exceed the amount expended by the opposing party, but the award
12 may be less than that amount. Id. (citing United States v.
13 Associated Convalescent Enters., Inc., 766 F.2d 1342, 1347–48
14 (9th Cir. 1985)).  Section 1927 only authorizes an award for
15 amounts expended due to unreasonable conduct, not a general award
16 of sanctions. Associated Convalescent Enters., 766 F.2d at 1347-
17 48.
18      In the present matter, Ms. Walls said she talked to Mr.
19 Watts about the declaration and that she might have previously
20 seen it, but she did not know it was submitted to the Court as
21 something she had signed.  Mr. Watts acted recklessly by not
22 having Ms. Walls sign the declaration and by not informing her
23 that he was submitting it to the Court.  Further, Mr. Watts
24 conduct amounts to bad faith because he knowingly submitted a
25 declaration with a false and misleading signature to the
26 discovery referee and then again to the Court. By resubmitting
27 the declaration, Mr. Watts needlessly prolonged the proceedings.
28      Defendant also points out that Deputy DiVita has denied the

7

allegations found in Ms. Walls's declaration, but that has no effect on whether Ms. Walls recalled the events or on whether the signature was false. Accordingly, sanctions pursuant to § 1927 are appropriate. The Court does not, however, agree with Defendant that an award should encompass all the fees requested.

Defendant requests $21,482.55 for the fees incurred as a result of Mr. Watts's behavior. Based on a review of Defendant's Counsel's declaration concerning fees, the Court finds that Defendant's fees related to investigating the allegations in the declaration, preparing the joint statement for Plaintiff's motion to reverse the discovery referee's order, requesting to seal documents, preparing this Motion for Sanctions, and associated costs stem from Ms. Walls's declaration and Mr. Watts's bad faith.

The Court will not award Defendant its fees related to Defendant's reply to Plaintiff's November 11, 2011, opposition because Defendant would have filed a reply regardless of the declaration. The Court will also not award fees related to Deputy DiVita's deposition because the deposition was taken after Defendant's Counsel had reason to believe that the signature was false and Defendant could have had the declaration stricken pursuant to the Local Rules. See Local Rule 131(g).

The Court finds that Defendant's Counsel's hourly rates of $170-$200 are reasonable but that the number of hours billed appears excessive. After reviewing the itemized billing records submitted in support of Defendant's motion, the Court finds that Defendant billed $18,842.55 for the tasks that were required to be performed because Mr. Watts unreasonably multiplied the

8

proceedings.

Plaintiff's Counsel requests the Court to reduce any award because Mr. Watts has a limited ability to pay the fees as a result of health and financial troubles, including filing for Chapter 7 bankruptcy protection. Watts Dec. ¶ 3; Murphy Dec. ¶ 2. Because $18,842.55 would be at least 37.7 percent of Mr. Watts's total assets, which, according to his bankruptcy petition, is at most $50,000, the Court finds that $18,842.55 exceeds Mr. Watts's ability to pay. Haynes, 688 F.3d at 988 ("[A] district court may, in its discretion, reduce the amount of a § 1927 sanctions award, . . . because of the sanctioned attorney's inability to pay.") Also, as noted above, the Court has determined that Defendant's total billable hours are excessive. Therefore, the Court will award sanctions to Defendant but will reduce the amount awarded to $4,500.00. The Court further finds that this amount is sufficient to (1) deter future misconduct and (2) compensate Defendant, in part, for their losses related to the misconduct. See id. at 987-88 (holding that § 1927 is designed to deter future misconduct, compensate victims of misconduct, or both).

   C.   <u>Sanctions Pursuant to the Court's Inherent Authority</u>

Defendant argues that the Court may award sanctions pursuant to its inherent powers. See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107-108 (9th Cir. 2002). Bad faith is required for sanctions under the Court's inherent power. Id. For the same reasons that an award of § 1927 sanctions is appropriate, the Court finds that an award of sanctions pursuant to its inherent power in the amount of $4,500.00 is appropriate.

9

## III. ORDER

For the foregoing reasons, Plaintiff's Counsel Douglas E. Watts is hereby ordered to pay sanctions to Defendant in the amount of $4,500.00. Plaintiff's Counsel Watts is ordered to arrange payment or a payment schedule with Defendant's Counsel within 30 days of this Order and provide proof of payment to this Court.

IT IS SO ORDERED.

Dated: October 10, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

10